IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2013

Lyle W. Cayce
Clerk

No. 12-20479
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee

v.

STEVEN JEROME WILSON,

                                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-813-3

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

    Steven Jerome Wilson appeals the sentence imposed following his jury convictions for conspiracy to commit bank fraud, two counts of aiding and abetting bank fraud, and making a false statement to an agent of the United States. He asserts that the district court clearly erred in finding that he was an organizer or a leader in the offense and imposing a four-level increase in his offense level pursuant to U.S.S.G. § 3B1.1(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whether a defendant is an organizer or leader under § 3B1.1(a) is a factual determination that this court reviews for clear error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). The district court's finding was supported by the evidence presented at trial and the information in the presentence report, which established that Wilson personally recruited at least five participants, he directed them to Chase Bank, and he received a greater share of the profits than the recruits when the scheme succeeded. Wilson's participation and recruitment of accomplices indicates that he was an organizer of the offense within the meaning of § 3B1.1(a). *See United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011); *United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001). Because the district court's finding that Wilson was an organizer of the offense is plausible in view of the record as a whole, the district court did not clearly err in imposing a four-level increase in his offense level under § 3B1.1(a). *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

AFFIRMED.